Nannie E. Vaughn, etc., *v.* Samuel Tinsley's Admr.

**Guardian and Ward—Failure to Properly Represent Ward in Litigation.**
The appellee, who was at the time acting as guardian of the infants, might have compelled Mrs. Skelton to take her interest in the slaves in specie instead of their value, therefore, he ought not to be allowed to escape responsibility and should be required to make good the loss sustained by his wards, by reason of his failure to protect their interests.

APPEAL FROM SHELBY CIRCUIT COURT.

October 30, 1872.

Opinion by Judge Lindsay:

Samuel Tinsley sold some of the slaves devised for life to his wife, and attempted by his will to dispose of the remainder. Upon the death of his wife the title to these slaves vested in his children and grandchildren, all of whom took something from him as devisees.

One of his children, Mrs. Skelton, repudiated the legacy to her, and sued the administrator and devisees for the value of her interest in the slaves. She saw proper to make these appellants who were at the time infants co-plaintiffs with herself.

These appellants obtained nothing in that suit. Their guardian ad litem before final judgment dismissed it as to them. It

45

resulted in a compromise by which Mrs. Skelton was paid by the adults $600 in satisfaction of her claim against her father's estate. The effect of this compromise was to quiet the title of those to whom slaves were devised. These appellants, who under their great-grandfather's will were entitled as remaindermen to one-sixth of these slaves, lost their entire interest, and the money in the hands of their grandfather's administrator which ought to have been applied to the payment of their legacy of $600 was used in the paying of Mrs. Skelton's judgment and the cost of the litigation.

If appellee who was at the time acting as their guardian had properly represented their interest, he might have compelled Mrs. Skelton to take her interest in the slaves in specie instead of their value. But he permitted her to compel her father's estate to pay for all the slaves, and then voluntarily used the money of his wards in satisfying her judgment and the costs and attorneys' fees incurred in the litigation. As the parties who took the slaves as devisees of Tinsley were directly benefited by having their title quieted by the payment of a money judgment instead of a division of the slaves, it seems to us that the parties thus benefited ought at least to contribute to the payment of this judgment and of the costs and attorneys' fees growing out of the suit. Yet it seems that the guardian of these appellants not only took no steps whatever to obtain this contribution in a suit in which all the devisees were parties, but compromised the suit by using the money of his wards for the benefit of strangers.

In such a state of case he ought not to be allowed to escape responsibility. The judgment dismissing appellant's petition is *reversed*. Upon the return of the cause appellee should be allowed to bring the devisees of the slaves before the court, and rest the question as to whether or not they are liable to contribute to these appellants, and if contribution can not be enforced by reason of the laches of appellee or the insolvency of their devisees, then he should be required to make good the loss his wards sustained by reason of his failure to protect or to even attempt to protect their interests.

*A. C. Roberts, for appellants.*
*Harwood, for appellees.*